## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

STATE OF FLORIDA,

                    Plaintiff,

        v.                                                No. 8:21-cv-2524-SDM-TGW

BILL NELSON, in his official capacity
as Administrator of NASA et al.,

                    Defendants.

## DEFENDANTS' NOTICE TO CLARIFY

Defendants respectfully submit this Notice to clarify an aspect of their brief in opposition to Florida's motion for preliminary injunction, based on additional information that counsel for defendants have come to understand since that brief was filed.

As Defendants correctly noted in their opposition brief, for the categories of contracts to which it applies, Executive Order 14042 requires agencies to include a clause requiring certain COVID-19 safety protocols—including vaccination requirements—in "any new contract," "new solicitation for a contract," "extension or renewal of an existing contract," and "exercise of an option on an existing contract." ECF No. 21 at 1 (quoting Executive Order 14042, 86 Fed. Reg. 50,985 (Sept. 14, 2021) [hereinafter EO]).  The EO does not require that those safety protocols be added to existing contracts or contracts that are not included in the identified categories.  At the same time, the EO "strongly encourage[s]" agencies, "to the extent permitted by law," to ensure that all existing contracts and contract-like instruments also include such

protocols.  *Id.* at 5 (quoting EO § 6(c)).  As our opposition brief discussed, modifications to existing contracts can be made by mutual agreement of the contracting parties. *See, e.g.*, *id.* at 32 (noting that modification of existing contracts could occur through "bilateral modification").

Defendants would like to clarify that agencies may also have independent contractual authority to unilaterally modify existing contracts.  Such authority could include the ability to incorporate COVID safety protocols into existing contracts and contracts outside of the categories identified in the EO (including contracts below the Simplified Acquisition Threshold).  Thus, Defendants' prior statement that "the Task Force Guidance can only be implemented in preexisting contracts through mutual agreement" was overly broad.  *Id.* at 10.  The NASA contract on which Florida relies, for example, allows the United States to adopt certain types of modifications unilaterally.  Therefore, while NASA has not sought to unilaterally add the COVID safety protocols to its contracts and has said it does not plan to do so, *see* Declaration of Karla Smith Jackson ¶ 6 (attached to Defendants' PI Opposition as Ex. 2)[1], it may nonetheless possess the authority to unilaterally include the COVID safety protocols in its contracts.  The Department of Energy, by contrast, has exercised its discretion to pursue

---

[1] As described in the Jackson declaration, NASA has identified nine existing contracts it has with governmental entities in the State of Florida.  Jackson Decl. ¶ 5. For all of those contracts, NASA has requested a bilateral modification to incorporate the COVID safety protocols.  *Id.* ¶ 7.  The other party agreed to the bilateral modification for two of those contracts, but so far has declined for the others.  *Id.*

amendments to include the COVID-19 safety clause requirements in its existing contracts pursuant to pre-existing, mutually agreed-upon contract terms that allow DOE to unilaterally modify certain requirements. To that end, DOE issued an agency-wide order instructing Contracting Officers to use their authority to modify contracts where they already have the authority to do so. *See DOE Order*, *available at* https://perma.cc/3LWH-CTTW. Florida, however, has not alleged any injury relating to contracts with DOE.

This clarification does not alter Defendants' standing and irreparable harm arguments. Precisely because different contracts, issued by different agencies, contain different terms regarding when those contracts may be modified—and because different agencies may exercise their authorities under these agreed-upon contractual provisions differently—it is crucial that Plaintiffs identify the specific agency action and contracts allegedly injuring them and define precisely what they ask this Court to enjoin.

DATED: November 20, 2021            Respectfully submitted,

                                    BRIAN M. BOYNTON
                                    Acting Assistant Attorney General

                                    BRAD P. ROSENBERG
                                    Assistant Director

                                    */s/ Kevin Wynosky*
                                    ZACHARY A. AVALLONE
                                    LEE REEVES
                                    KEVIN WYNOSKY (PA Bar No. 326087)
                                    Trial Attorneys
                                    U.S. Department of Justice

Civil Division, Federal Programs Branch
1100 L Street NW, Room 12400
Washington, D.C. 20005
(202) 616-8267
Kevin.J.Wynosky@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On November 20, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Middle District of Florida, using the electronic case filing system of the Court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Kevin Wynosky*
KEVIN WYNOSKY
Trial Attorney
U.S. Department of Justice