IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| STATE OF FLORIDA,<br>           Plaintiff,<br>v.<br>BILL NELSON, in his official capacity as Administrator of NASA, et al.,<br>           Defendants. | No. 8:21-cv-2524-SDM-TGW |

### DEFENDANTS' MOTION TO STAY OR, IN THE ALTERNATIVE, TO EXTEND DEADLINE TO RESPOND TO COMPLAINT

Defendants request a stay of all proceedings in light of the recent nationwide injunction issued in *Georgia v. Biden*, No. 21-cv-00163 (S.D. Ga. Dec. 7, 2021), which involves a similar challenge to EO 14042 and its implementing guidance, and about which Florida submitted a notice of supplemental authority. *See* Pls.' Notice, ECF No. 29 (including the slip opinion as ECF No. 29-1). Concluding that the President likely exceeded his authority under FPASA when issuing Executive Order 14042, the *Georgia* court enjoined the federal government "from enforcing the vaccine mandate for federal contractors and subcontractors in all covered contracts in any state or territory of the United States of America." Slip Op. at 27.

So long as it remains in effect, this nationwide injunction eliminates Florida's allegedly irreparable injuries stemming from EO 14042 and its implementing guidance. Accordingly, in the interest of conserving judicial resources, defendants hereby

move to stay further litigation, unless and until the *Georgia* injunction is stayed, vacated, or narrowed such that adjudicating Florida's motion for a preliminary injunction or engaging in further litigation generally would have practical significance.

In the alternative to staying all deadlines unless and until the *Georgia* injunction is stayed, vacated, or narrowed, defendants at a minimum move to extend their deadline to respond to Florida's amended complaint to no earlier than January 21, 2022. Absent a stay or an extension, defendants must respond to Florida's amended complaint by January 7, 2022. In the event the Court does not grant a stay of all deadlines and proceedings in this case, defendants seek to extend their response deadline, either to fourteen days after the Court rules on Florida's pending motion for a preliminary injunction or to January 21, 2022, whichever is later.

Undersigned counsel conferred with Florida's counsel, who indicated that Florida opposes a stay but may consent to extending defendants' response deadline until after this Court decides Florida's amended preliminary injunction motion.[1]

## DISCUSSION

District courts enjoy "inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.

---

[1] Specifically, Florida requested that its position be represented as follows: "While the government decries nationwide injunctions for 'preventing legal questions from percolating through the federal courts,' Doc. 21 at 38, it simultaneously seeks to halt that percolation here. But the government will presumably seek a stay of any nationwide injunction—which, if granted, would leave Florida immediately subject to irreparable harm. Florida respectfully requests a ruling."

2

1985) (quoting *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)); *see also, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing district court's "broad discretion to stay proceedings"). This includes the power to enter a stay "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (acknowledging a district court's "discretion to grant a stay when a related case with substantially similar issues is pending before a court of appeals"). In determining whether to stay a case, the court must consider what is "efficient for its own docket" as well as "the fairest course for the parties." *Leyva*, 593 F.2d at 863.

Here, conservation of the Court's and the parties' resources weighs in favor of a stay. The requested stay imposes no hardship on Florida: the state is not at risk of being harmed by EO 14042 and its implementing guidance as long as the *Georgia* injunction remains in place. In similar situations, courts have readily stayed superfluous proceedings for emergency relief. *See, e.g.*, *Pars Equality Center v. Trump*, No. 17-cv-0255-TSC (D.D.C. March 2, 2018), ECF No. 143 (staying request for preliminary relief because another nationwide injunction "calls into question whether the harms Plaintiffs allege are actually imminent or certain—a prerequisite for a preliminary injunction"); *Washington v. Trump*, No. C17–0141, 2017 WL 4857088, at *6 (W.D. Wash. Oct. 27, 2017) (because another district court had "already provide[d] Plaintiff States with virtually all the relief they seek," plaintiffs will not incur "any significant

harm" by the court's staying consideration of their TRO motion); *Int'l Refugee Assistance Project v. Trump*, No. 17-cv-0361, 2017 WL 1315538, at *2 (D. Md. Apr. 10, 2017) ("[I]n light of the current nationwide injunction of Section 6 by the United States District Court of the District of Hawaii, a stay would not impose any hardship on Plaintiffs or result in irreparable harm."); *Hawaii v. Trump*, 233 F. Supp. 3d 850, 853 (D. Hawaii 2017) ("[T]he Western District of Washington's nationwide injunction already provides the State with the comprehensive relief it seeks in this lawsuit. As such, the State will not suffer irreparable damage . . . if the Court were to grant Defendants' motion to stay."). Indeed, another district court has already stayed a similar challenge to EO 14042 and its implementing guidance on that basis, over the plaintiff's objection (there, the state of Texas). *See* Minute Order of Dec. 10, 2021, *Texas v. Biden*, No. 3:21-cv-309-JVB (S.D. Tex.) ("Case is stayed.").

    To be sure, defendants are seeking to stay or narrow the *Georgia* injunction. *See* Motion for Stay, *Georgia v. President of the United States*, No. 21-14269 (11th Cir. Dec. 10. 2021); *see also Georgia*, No. 21-cv-00163 (S.D. Ga.), ECF Nos. 96, 97. Those efforts, however, should not deter this Court from staying proceedings here—any decision by the Eleventh Circuit will control proceedings in this Court. Rather than preventing percolation, defendants merely seek to protect this Court's time and resources with a brief pause so that the Eleventh Circuit can issue a ruling on a substantially similar case, a ruling that will bind this Court in all events. If the Eleventh Circuit modifies the injunction, such that this Court's adjudication of Florida's challenge to EO 14042 and its implementing guidance would have practical significance,

4

this Court could lift its stay and—having already received lengthy briefing—be in a position to rule promptly. It will also have the benefit of Eleventh Circuit precedent on the very issues Florida raises in its request for relief.

Unless and until that happens, however, Florida cannot show that it is "likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Holland Am. Inc. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of [a preliminary injunction] applicant."). Accordingly, there is no basis for this Court to grant Florida's pending motion for preliminary injunction,[2] and there is no need for further litigation regarding EO 14042 and its implementing guidance at this time.

In the alternative, if the Court does not grant the stay that defendants are seeking, the Court should extend defendants' deadline to respond to Florida's amended complaint to fourteen days after the Court rules on Florida's pending preliminary injunction motion or to January 21, 2022, whichever is later.

## CONCLUSION

This Court should stay all proceedings in this case pending further order of the Court.

---

[2] To the extent that an Article III case or controversy exists here, the *Georgia* decision did not render it moot. *See, e.g.*, *California v. U.S. Dep't of Health & Hum. Servs.*, 941 F.3d 410, 420-23 (9th Cir. 2019), *vacated on other grounds by Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367 (2020). Accordingly, the *Georgia* decision would not prevent the Court from *denying* Florida's pending motion for preliminary injunction on any of the various grounds discussed in defendants' opposition briefing, ECF Nos. 21 & 26. At present, however, it is simply unnecessary to adjudicate Florida's motion one way or the other.

DATED: December 14, 2021  Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRAD P. ROSENBERG
Assistant Director

/s/ *Kevin Wynosky*
VINITA ANDRAPALLIYAL
ZACHARY A. AVALLONE
LEE REEVES
KEVIN WYNOSKY (PA Bar No. 326087)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12400
Washington, D.C. 20005
(202) 616-8267
Kevin.J.Wynosky@usdoj.gov

*Counsel for Defendants*

6

## **CERTIFICATE OF SERVICE**

On December 14, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Middle District of Florida, using the electronic case filing system of the Court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                      */s/ Kevin Wynosky*
                                      KEVIN WYNOSKY
                                      Trial Attorney
                                      U.S. Department of Justice