UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATE OF FLORIDA,

    *Plaintiff*,

    v.                                                                                    No. 8:21-cv-2524-SDM-TGW

BILL NELSON, et al.,

    *Defendants*.

_____/

## **FLORIDA'S RESPONSE TO DEFENDANTS' MOTION TO STAY**

The government asks this Court to stay proceedings because of a nationwide injunction entered by the Southern District of Georgia. Simultaneously, the government plans to tell the Eleventh Circuit that nationwide relief should not have been entered in that case and should be stayed. If that contradiction is not sufficient reason, its request should be denied for two others. First, Florida faces immediate irreparable harm if the nationwide injunction were stayed or narrowed. Second, as the government has already admitted, percolation of important issues in multiple courts should be encouraged, not shut down.[1]

    **I.**    **Florida faces irreparable harm if the proceedings are stayed.**

If the government obtains a stay pending appeal in the Georgia case—either in full or in part through narrowing relief to the parties—Florida will immediately be

---

[1] One court has already rejected the government's same request in a similar challenge. *See* Doc. 121, *Brnovich v. Biden*, cv-21-1568 (D. Ariz. Dec. 14, 2021).

subject to irreparable harm. When the government conferred with Florida, it offered no assurances to Florida about what would happen if Florida lost the protection of the Georgia injunction and faced delay in obtaining relief. Instead, counsel quoted the FAQs to Florida in an email:

> I'll just note that the mandate only applies to new, covered contracts, and even then, the Task Force's FAQs make clear that termination of a contract is not the automatic or immediate result of noncompliance with a COVID-19 safety clause. See Safer Federal Workforce Task Force, Federal Contractors, Compliance, https://www.saferfederalworkforce.gov/faq/contractors ("Compliance FAQs"). Instead, "[w]here covered contractors are working in good faith and encounter challenges with compliance with COVID-19 safety protocols, the agency contracting officer should work with them to address these challenges." *Id.*

Putting aside the government's previous assertion that the FAQs are not in effect because the OMB Director has not approved them, Doc. 26 at 6, the FAQs provide little assurance. All they say is that the government will "work with" contractors if the contractors "work[] in good faith" to comply with the government's unlawful requirements. But Florida law does not allow Florida to work in good faith to comply, and any flexibility offered to private contractors does not remedy the irreparable sovereign injury resulting from the government's asserted preemption of Florida law.

Florida's concern is not speculative. Just yesterday, the State of Texas was left in the lurch as a result of the government's same tactics. After a district court in Louisiana granted a nationwide injunction against the CMS vaccine mandate, *see Louisiana v. Becerra*, 3:21-cv-3970, 2021 WL 5609846 (W.D. La. Nov. 30, 2021), the government asked the district court to stay proceedings in Texas's similar challenge.

*See* Defs.' Mot. to Stay, Doc. 35, *Texas v. Becerra*, No. 2:21-cv-229 (N.D. Tex. Dec. 1, 2021). The court granted that relief over Texas's objection, Order, Doc. 43, *Texas v. Becerra*, No. 2:21-cv-229 (N.D. Tex. Dec. 3, 2021), but on December 15, the Fifth Circuit granted a stay in part, narrowing relief to the parties. *See Louisiana v. Becerra*, No. 21-30734, (5th Cir. Dec. 15, 2021). Texas was immediately subject to the CMS vaccine mandate, where the deadline to receive the first vaccine dose *had already passed.*[2] Florida should not be put in the same position.

And even if the Eleventh Circuit stays the nationwide injunction in its entirety (rather than narrowing relief to the parties), the government is flat wrong when it says that a ruling from the Eleventh Circuit on a stay "will bind this Court in all events." Doc. 32 at 4. As the parties discussed at length at the hearing, "the necessarily tentative and preliminary nature of a stay-panel opinion precludes the opinion from having an effect outside that case." *See Dem. Exec. Comm. of Fla. v. Nat'l Rep. Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020). In any event, the Georgia case addressed a small fraction of the issues Florida has raised. *See Georgia v. Biden*, No. 1:21-cv-163, 2021 WL 5779939 (S.D. Ga. Dec. 7, 2021). If the Eleventh Circuit grants a stay, it will be because the court believes the government is likely to succeed on appeal in arguing that there is a sufficient nexus between economy and efficiency in procurement and the vaccination requirements. *Id.* at *10. But such a decision would have no bearing

---

[2] The court has since issued an order granting Texas a preliminary injunction. *See* Mem. Op. & Order, Doc. 53, *Texas v. Becerra*, 2:21-cv-229 (N.D. Tex. Dec. 15, 2021). But the fact that the court had to issue a preliminary injunction ruling mere hours after the stay was lifted only illustrates why this Court should avoid that approach.

3

on several other arguments Florida raises, including the issues the parties are currently addressing via supplemental briefing. *See* Doc. 31.

For these reasons, and based on the irreparable harm Florida identified in its briefing, Florida faces irreparable harm if the proceedings are stayed.

## II. A stay is not in the public interest.

The government not only opposes nationwide injunctions as a matter of policy, it also believes they are outside a court's "constitutionally prescribed role . . . to vindicate the individual rights of the people appearing before it." Doc. 21 at 38. It told this Court that "[n]ationwide injunctions take a toll on the federal court system" and "prevent[] legal questions from percolating through the federal courts." *Id.*

Now, the government insists that further percolation is unnecessary, claiming that judicial efficiency counsels in favor of staying proceedings. Doc. 32 at 4. But district judges are "challenged and sharpened by different rulings from other district judges." *See Health Freedom Def. Fund, Inc. v. Biden*, No. 8:21-cv-1693, 2021 WL 5416688, at *5 (M.D. Fla. Nov. 19, 2021) (Mizelle, J.). Moreover, courts routinely enter duplicative injunctions in cases involving significant national policies. *See New York v. DHS*, 408 F. Supp. 3d 334 (S.D.N.Y. 2019) (enjoining the public charge rule nationwide); *Washington v. DHS*, 408 F. Supp. 3d 1191 (E.D. Wash. 2019) (same); *Casa De Maryland, Inc. v. Trump*, 414 F. Supp. 3d 760 (D. Md. 2019) (same); *Hawaii v. Trump*, 241 F. Supp. 3d 1119 (D. Hawaii 2017) (enjoining the travel ban nationwide); *Int'l Refugee Assistance Project v. Trump*, 241 F. Supp. 3d 539 (D. Md. 2017) (same).

There is certainly no harm to the government from this Court doing so here, and the government admits that Florida's case is not moot. *See* Doc. 32 at 5 n.2.

For these reasons, the public interest favors continuing proceedings.

>Respectfully submitted,
>
>Ashley Moody
>ATTORNEY GENERAL
>
>John Guard (FBN 374600)
>CHIEF DEPUTY ATTORNEY GENERAL
>
>*/s/ James H. Percival*
>James H. Percival* (FBN 1016188)
>DEPUTY ATTORNEY GENERAL OF LEGAL POLICY
>*Lead Counsel
>
>Henry C. Whitaker (FBN 1031175)
>SOLICITOR GENERAL
>
>Natalie P. Christmas (FBN 1019180)
>ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY
>
>Office of the Attorney General
>The Capitol, Pl-01
>Tallahassee, Florida 32399-1050
>(850) 414-3300
>(850) 410-2672 (fax)
>james.percival@myfloridalegal.com
>
>*Counsel for the State of Florida*

## CERTIFICATE OF SERVICE

I certify that on December 16th, 2021, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will provide service to all parties.

*/s/ James H. Percival*
Deputy Attorney General
